UNITED STATES BANKRUPTCY COURT
_____ DISTRICT OF VIRGINIA
_____ Division

# CHAPTER 13 PLAN
# AND RELATED MOTIONS

Name of Debtor(s): _____    Case No: _____

This Plan, dated _____, is:

☐ the *first* Chapter 13 Plan filed in this case.

☐ a modified Plan that replaces the

   ☐ confirmed or ☐ unconfirmed Plan dated _____

Date and Time of <u>Modified Plan</u> Confirmation Hearing:
_____
Place of <u>Modified Plan</u> Confirmation Hearing:
_____

The Plan provisions modified by this filing are:

Creditors affected by this modification are:

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:
    Total Assets:
    Total Non-Priority Unsecured Debt:
    Total Priority Debt:
    Total Secured Debt:

1. **Funding of Plan.** The debtor(s) propose to pay the Trustee the sum of $_____ per _____ for _____ months. Other payments to the Trustee are as follows: _____. The total amount to be paid into the Plan is $_____.

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A.  **Administrative Claims under 11 U.S.C. § 1326.**

        1.  The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
        2.  Debtor(s)' attorney will be paid $_____ balance due of the total fee of $_____ concurrently with or prior to the payments to remaining creditors.

    B.  **Claims under 11 U.S.C. § 507.**

        The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

        | <u>Creditor</u> | <u>Type of Priority</u> | <u>Estimated Claim</u> | <u>Payment and Term</u> |
        |---|---|---|---|
        | | | | |

3.  Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.

    A.  **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

    This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.** The following secured claims are to be "crammed down" to the following values:

    | <u>Creditor</u> | <u>Collateral</u> | <u>Purchase Date</u> | <u>Est. Debt Bal.</u> | <u>Replacement Value</u> |
    |---|---|---|---|---|
    | | | | | |

    B.    **Real or Personal Property to be Surrendered**.

Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|

    C.    **Adequate Protection Payments**.

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

    D.    **Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Payment & Est. Term |
|---|---|---|---|---|

    E.    **Other Debts**.

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

4. **Unsecured Claims**.

    A.    **Not separately classified**.  Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately _____ %. The dividend percentage may vary

    depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately _____ %.

  **B.**  **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| | | |

5. **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

  **A.** **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| | | | | | | |

  **B.** **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate on Arrearage | Monthly Payment on Arrearage & Est. Term |
|---|---|---|---|---|---|
| | | | | | |

  **C.** **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Payment & Term |
|---|---|---|---|---|
| | | | | |

6. **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

A. **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts:

<u>Creditor</u>              <u>Type of Contract</u>

B. **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor(s) agree to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| <u>Creditor</u> | <u>Type of Contract</u> | <u>Arrearage</u> | <u>Monthly Payment for Arrears</u> | <u>Estimated Cure Period</u> |
|---|---|---|---|---|

7. **Liens Which Debtor(s) Seek to Avoid.**

   A. **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

   <u>Creditor</u>     <u>Collateral</u>     <u>Exemption Basis</u>     <u>Exemption Amount</u>     <u>Value of Collateral</u>

   B. **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

   <u>Creditor</u>     <u>Type of Lien</u>     <u>Description of Collateral</u>     <u>Basis for Avoidance</u>

8. **Treatment and Payment of Claims.**

   - All creditors must timely file a proof of claim to receive any payment from the Trustee.
   - If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
   - If a claim is listed in the Plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
   - The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

9. **Vesting of Property of the Estate**. Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

10. **Incurrence of indebtedness**. The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

11. **Other provisions of this Plan:**

Signatures:

Dated: _____

_____          _____
**Debtor**                               **Debtor(s)' Attorney**

_____
**Joint Debtor**

Exhibits:     Copy of Debtor(s)' Budget (Schedules I and J);
              Matrix of Parties Served with Plan

Certificate of Service

I certify that on _____, I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

_____
Signature

_____
Address

_____

_____
Telephone No.

Ver. 09/17/09 [effective 12/01/09]

In re **Dennis Stuart Little  Judith Anne Little**, Case No. **11-17344**
Debtors (If known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: **Married** | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): | AGE(S): |
| | Son | 19 |
| | Son | 16 |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Recycler** | **Law Librarian** |
| Name of Employer | **Webb Brothers** | **Wiley Rein, LLP** |
| How long employed | **6 Months** | **24 Years** |
| Address of Employer | **Dumfries, VA** | **1776 K Street, N.W.  Washington, DC 20006** |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | $ 2,600.00 | $ 5,821.66 |
| 2. Estimate monthly overtime | $ 0.00 | $ 0.00 |
| 3. SUBTOTAL | $ 2,600.00 | $ 5,821.66 |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ 392.04 | $ 1,134.42 |
| b. Insurance | $ 0.00 | $ 747.44 |
| c. Union dues | $ 0.00 | $ 0.00 |
| d. Other (Specify) **401(k) Loan #1** | $ 0.00 | $ 198.76 |
| **401(k) Loan #2** | $ 0.00 | $ 673.98 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 392.04 | $ 2,754.60 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 2,207.96 | $ 3,067.06 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ 0.00 |
| 8. Income from real property | $ 0.00 | $ 0.00 |
| 9. Interest and dividends | $ 0.00 | $ 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 0.00 | $ 0.00 |
| 11. Social security or other government assistance (Specify) | $ 0.00 | $ 0.00 |
| 12. Pension or retirement income | $ 0.00 | $ 0.00 |
| 13. Other monthly income (Specify) | $ 0.00 | $ 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 0.00 | $ 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 2,207.96 | $ 3,067.06 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ 5,275.02 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document.:

**B6I (Official Form 6I) (12/07) - Cont.**

In re **Dennis Stuart Little Judith Anne Little** , Case No. **11-17344**
                          **Debtors**                                              **(If known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

**NONE**

**B6J (Official Form 6J) (12/07)**

In re **Dennis Stuart Little  Judith Anne Little**,      Case No. **11-17344**
                **Debtors**                            **(If known)**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ 999.30 |
|     a. Are real estate taxes included?    Yes ✓    No ____ | | |
|     b. Is property insurance included?    Yes ✓    No ____ | | |
| 2. Utilities: a. Electricity and heating fuel | | $ 250.00 |
|           b. Water and sewer | | $ 60.00 |
|           c. Telephone | | $ 300.00 |
|           d. Other **Cable/Phone/Internet** | | $ 240.00 |
|             **HOA Dues** | | $ 60.00 |
| 3. Home maintenance (repairs and upkeep) | | $ 100.00 |
| 4. Food | | $ 1,000.00 |
| 5. Clothing | | $ 200.00 |
| 6. Laundry and dry cleaning | | $ 75.00 |
| 7. Medical and dental expenses | | $ 200.00 |
| 8. Transportation (not including car payments) | | $ 800.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ 150.00 |
| 10. Charitable contributions | | $ 25.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|           a. Homeowner's or renter's | | $ 0.00 |
|           b. Life | | $ 0.00 |
|           c. Health | | $ 0.00 |
|           d. Auto | | $ 240.00 |
|           e. Other _____ | | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) **Personal property tax** | | $ 60.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|           a. Auto | | $ 0.00 |
|           b. Other _____ | | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others | | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ 0.00 |
| 17. Other **Beauty/Barber** | | $ 50.00 |
|       **Pet care** | | $ 100.00 |
|       **School lunches** | | $ 25.00 |
|       **Vehicle maintenance/repairs** | | $ 150.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | $ 5,084.30 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

20. STATEMENT OF MONTHLY NET INCOME

| | |
|---|---:|
|     a. Average monthly income from Line 15 of Schedule I | $ 5,275.02 |
|     b. Average monthly expenses from Line 18 above | $ 5,084.30 |
|     c. Monthly net income (a. minus b.) | $ 190.72 |

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0422-1<br>Case 11-17344-BFK<br>Eastern District of Virginia<br>Alexandria<br>Mon Oct 24 14:23:05 EDT 2011 | United States Bankruptcy Court<br>200 South Washington Street<br>Alexandria, VA 22314-5405 | Best Buy<br>c/o HSBC<br>P.O. Box 5263<br>Carol Stream, IL 60197-5263 |
| Capital One, N.A.<br>c/o Creditors Bankruptcy Service<br>P.O. Box 740933<br>Dallas, TX 75374-0933 | Chase/Freedom<br>P.O. Box 15298<br>Wilmington, DE 19850-5298 | Citibank/Sears<br>P.O. Box 6282<br>Sioux Falls, SD 57117-6282 |
| Citibank/Shell<br>P.O. Box 6500<br>Sioux Falls, SD 57117-6500 | Discover Bank<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH  43054-3025 | (p)DISCOVER FINANCIAL SERVICES LLC<br>PO BOX 3025<br>NEW ALBANY OH 43054-3025 |
| Empower FCU<br>Attn: Card Services<br>P.O. Box 11127<br>Syracuse, NY 13218-1127 | Exxon Mobil<br>5959 Las Colinas Blvd.<br>Irving, TX 75039-2298 | FIA CARD SERVICES, N.A.<br>PO Box 15102<br>Wilmington, DE 19886-5102 |
| Fredericksburg Credit Bureau, Inc.<br>10506 Wakeman Dr.<br>Fredericksburg, VA 22407-8040 | Fredericksburg Orthopaedic Assoc<br>3310 Fall Hill Avenue<br>Fredericksburg, VA 22401-3000 | GE Money Bank/Lowes<br>P.O. Box 981064<br>El Paso, TX 79998-1064 |
| GE Money Bank/Old Navy<br>P.O. Box 981064<br>El Paso, TX 79998-1064 | Garrisonville Urgent Care<br>9 Center Street, Ste. 101<br>Stafford, VA 22556-8910 | HSBC<br>Attn: Bankruptcy Department<br>P.O. Box 5213<br>Carol Stream, IL 60197-5213 |
| Kohl's<br>P.O. Box 3115<br>Milwaukee, WI 53201-3115 | LabCorp<br>P.O. Box 2240<br>Burlingotn, NC 27216-2240 | Medical Imaging of Fredericksburg<br>P.O. Box 7606<br>Fredericksburg, VA 22404-7606 |
| Medical and Urgent Care Center<br>P.O. Box 5008<br>Falmouth, VA 22403-0608 | Navy Federal Credit Union<br>P.O. Box 3000<br>Merrifield, VA 22119-3000 | Office of U.S. Trustee<br>115 S Union Street #206<br>Alexandria, VA 22314-3317 |
| Patient First<br>P.O. Box 758941<br>Baltimore, MD 21275-8941 | Principal Financial Group<br>Des Moines, IA 50392-0001 | Rappahannock Family Physicians<br>2300 Fall Hill Ave 215<br>Fredericksburg, VA 22401-3342 |
| Rappahannock Traume and Acute Care<br>P.O. Box 845<br>Fredericksburg, VA 22404-0845 | Shell Credit Card Center<br>P.O. Box 20507<br>Kansas City, MO 64195-0507 | Sun Trust Bank<br>P.O. Box 85092<br>Richmond, VA 23286-9071 |

| | | |
|---|---|---|
| SunTrust Bank<br>Attn:Support Services<br>PO BOX 85092<br>Richmond, VA 23285-5092 | Sunoco, Inc.<br>P.O. Box 6407<br>Sioux Falls, SD 57117-6407 | WFNNB/Fashion Bug<br>Bankruptcy Department<br>P.O. Box 182125<br>Columbus, OH 43218-2125 |
| Wells Fargo Bank, N.A.<br>Samuel I. White, P.C.<br>1804 Staples Mill Rd., Ste. 200<br>Richmond, VA 23230-3530 | Wells Fargo Home Mortgage<br>3476 Stateview Blvd<br>MAC #X7801-014<br>Fort Mill, SC 29715-7203 | Wells Fargo Home Mortgage<br>P.O. Box 10335<br>Des Moines, IA 50306-0335 |
| Dennis Stuart Little<br>706 Knollwood Court<br>Stafford, VA 22554-7564 | Judith Anne Little<br>706 Knollwood Court<br>Stafford, VA 22554-7564 | Robert Easterling<br>2217 Princess Anne St., Ste. 100-2<br>Fredericksburg, VA 22401-3359 |
| Thomas P. Gorman<br>300 N. Washington St. Ste. 400<br>Alexandria, VA 22314-2550 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Discover Card
P.O. Box 30943
Salt Lake City, UT 84130-0000

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Wells Fargo Bank, N.A.

End of Label Matrix
Mailable recipients    39
Bypassed recipients     1
Total                  40