# UNITED STATES BANKRUPTCY COURT
## _____ DISTRICT OF VIRGINIA
### _____ Division

# CHAPTER 13 PLAN
# AND RELATED MOTIONS

Name of Debtor(s):                              Case No:


This Plan, dated _____, is:

        ☐ the *first* Chapter 13 Plan filed in this case.


        ☐ a modified Plan that replaces the

            ☐ confirmed or ☐ unconfirmed Plan dated _____

        Date and Time of <u>Modified Plan</u> Confirmation Hearing:
        _____

        Place of <u>Modified Plan</u> Confirmation Hearing:
        _____


The Plan provisions modified by this filing are:


Creditors affected by this modification are:



**NOTICE: YOUR RIGHTS WILL BE AFFECTED.  You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

      Total Assets:
      Total Non-Priority Unsecured Debt:
      Total Priority Debt:
      Total Secured Debt:

1.     **Funding of Plan.**  The debtor(s) propose to pay the Trustee the sum of $_____ per _____ for _____ months.   Other payments to the Trustee are as follows: _____.  The total amount to be paid into the Plan is $_____.

2.     **Priority Creditors.**   The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    **A.**     **Administrative Claims under 11 U.S.C. § 1326.**

        1.     The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).

        2.     Debtor(s)' attorney will be paid $_____ balance due of the total fee of $_____ concurrently with or prior to the payments to remaining creditors.

    **B.**     **Claims under 11 U.S.C. § 507.**

    The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| | | | |

3.     **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

    **A.**     **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt.  **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan**.  The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est. Debt Bal. | Replacement Value |
|---|---|---|---|---|
| | | | | |

**B.     Real or Personal Property to be Surrendered.**

Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|

**C.     Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

**D.     Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Payment & Est. Term |
|---|---|---|---|---|

**E.     Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

**4.   Unsecured Claims.**

**A.     Not separately classified.**  Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately _____ %. The dividend percentage may vary

depending on actual claims filed.  If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately _____ %.

**B.**    **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|

**5.**    **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

**A.**    **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|

**B.**    **Trustee to make contract payments and cure arrears, if any.**  The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate on Arrearage | Monthly Payment on Arrearage & Est. Term |
|---|---|---|---|---|---|

**C.**    **Restructured Mortgage Loans to be paid fully during term of Plan.**  Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Payment & Term |
|---|---|---|---|---|

**6.**    **Unexpired Leases and Executory Contracts.**  The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

**A.** **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the
following executory contracts:

Creditor                 Type of Contract

**B.** **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the
following executory contracts. The debtor(s) agree to abide by all terms of the agreement.
The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with
other priority claims or on a fixed monthly basis as indicated below.

| | | | Monthly Payment | Estimated |
| Creditor | Type of Contract | Arrearage | for Arrears | Cure Period |
|---|---|---|---|---|

7.   **Liens Which Debtor(s) Seek to Avoid.**

**A.** **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move
to avoid the following judicial liens and non-possessory, non-purchase money liens that impair
the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the
Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is
filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Basis | Exemption Amount | Value of Collateral |
|---|---|---|---|---|

**B.** **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).**
The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or
security interests. The creditor should review the notice or summons accompanying such
pleadings as to the requirements for opposing such relief. The listing here is for information
purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|

8.   **Treatment and Payment of Claims.**

- All creditors must timely file a proof of claim to receive any payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured
  but does not timely object to confirmation of the Plan, the creditor may be treated as
  unsecured for purposes of distribution under the Plan. This paragraph does not limit the right
  of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after
  the debtor(s) receive a discharge.
- If a claim is listed in the Plan as secured and the creditor files a proof of claim alleging the
  claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under
  the Plan.
- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed
  secured claim in full.

9.      **Vesting of Property of the Estate**. Property of the estate shall revest in the debtor(s) upon confirmation of the Plan.  Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

10.     **Incurrence of indebtedness**.  The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

11.     **Other provisions of this Plan:**

**Signatures:**

**Dated: _____**


_____                    _____
**Debtor**                                            **Debtor(s)' Attorney**

_____
**Joint Debtor**


**Exhibits:**      **Copy of Debtor(s)' Budget (Schedules I and J);**
                   **Matrix of Parties Served with Plan**

Certificate of Service

        I certify that on _____, I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

                                              _____
                                              Signature

                                              _____
                                              Address

                                              _____

                                              _____
                                              Telephone No.


Ver. 09/17/09 [effective 12/01/09]

B6I (Official Form 6I) (12/07)

| In re | Dennis Stuart Little Judith Anne Little | | Case No. | 11-17344 | |
|---|---|---|---|---|---|
| | **Debtors** | | | | (If known) |

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: **Married** | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): | AGE(S): |
| | **Son** | **19** |
| | **Son** | **16** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Recycler** | **Law Librarian** |
| Name of Employer | **Webb Brothers** | **Wiley Rein, LLP** |
| How long employed | **6 Months** | **24 Years** |
| Address of Employer | **Dumfries, VA** | **1776 K Street, N.W.** **Washington, DC 20006** |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | $ | **2,600.00** | $ **5,821.66** |
| 2. Estimate monthly overtime | $ | **0.00** | $ **0.00** |
| 3. SUBTOTAL | $ | **2,600.00** | $ **5,821.66** |
| 4. LESS PAYROLL DEDUCTIONS | | | |
| a. Payroll taxes and social security | $ | **392.04** | $ **1,134.42** |
| b. Insurance | $ | **0.00** | $ **747.44** |
| c. Union dues | $ | **0.00** | $ **0.00** |
| d. Other (Specify) **401(k) Loan #1** | $ | **0.00** | $ **198.76** |
| **401(k) Loan #2** | $ | **0.00** | $ **673.98** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | **392.04** | $ **2,754.60** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | **2,207.96** | $ **3,067.06** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | **0.00** | $ **0.00** |
| 8. Income from real property | $ | **0.00** | $ **0.00** |
| 9. Interest and dividends | $ | **0.00** | $ **0.00** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ | **0.00** | $ **0.00** |
| 11. Social security or other government assistance (Specify) | $ | **0.00** | $ **0.00** |
| 12. Pension or retirement income | $ | **0.00** | $ **0.00** |
| 13. Other monthly income (Specify) | $ | **0.00** | $ **0.00** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | **0.00** | $ **0.00** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | **2,207.96** | $ **3,067.06** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | **$ 5,275.02** | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document.:

**B6I (Official Form 6I) (12/07) - Cont.**

**In re**  **Dennis Stuart Little Judith Anne Little**                    **Case No.**   **11-17344**

                                            **Debtors**                                            **(If known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

**NONE**

B6J (Official Form 6J) (12/07)

In re **Dennis Stuart Little Judith Anne Little** _____ ,    Case No.    **11-17344**
                                                        **Debtors**                          (If known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 999.30 |
| a. Are real estate taxes included?    Yes  ✓    No _____ | | |
| b. Is property insurance included?    Yes  ✓    No _____ | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 250.00 |
| b. Water and sewer | $ | 60.00 |
| c. Telephone | $ | 300.00 |
| d. Other **Cable/Phone/Internet** | $ | 240.00 |
| **HOA Dues** | $ | 60.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 100.00 |
| 4. Food | $ | 1,000.00 |
| 5. Clothing | $ | 200.00 |
| 6. Laundry and dry cleaning | $ | 75.00 |
| 7. Medical and dental expenses | $ | 200.00 |
| 8. Transportation (not including car payments) | $ | 800.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 150.00 |
| 10. Charitable contributions | $ | 25.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | $ | 0.00 |
| b. Life | $ | 0.00 |
| c. Health | $ | 0.00 |
| d. Auto | $ | 240.00 |
| e. Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify)  **Personal property tax** | $ | 60.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | $ | 0.00 |
| b. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other **Beauty/Barber** | $ | 50.00 |
| **Pet care** | $ | 100.00 |
| **School lunches** | $ | 25.00 |
| **Vehicle maintenance/repairs** | $ | 150.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 5,084.30 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a. Average monthly income from Line 15 of Schedule I | $ | 5,275.02 |
| b. Average monthly expenses from Line 18 above | $ | 5,084.30 |
| c. Monthly net income (a. minus b.) | $ | 190.72 |

Label Matrix for local noticing
0422-1
Case 11-17344-BFK
Eastern District of Virginia
Alexandria
Wed Jan  4 10:32:41 EST 2012

United States Bankruptcy Court
200 South Washington Street
Alexandria, VA 22314-5405

Best Buy
c/o HSBC
P.O. Box 5263
Carol Stream, IL 60197-5263

Bureaus Investment Group Portfolio No 15 LLC
c/o Recovery Management Systems Corp
25 SE 2nd Avenue Suite 1120
Miami FL 33131-1605

Capital One, N.A.
c/o Creditors Bankruptcy Service
P.O. Box 740933
Dallas, TX 75374-0933

Chase Bank USA, N.A.
PO Box 15145
Wilmington, DE 19850-5145

Chase/Freedom
P.O. Box 15298
Wilmington, DE 19850-5298

Citibank/Sears
P.O. Box 6282
Sioux Falls, SD 57117-6282

Citibank/Shell
P.O. Box 6500
Sioux Falls, SD 57117-6500

Discover Bank
DB Servicing Corporation
PO Box 3025
New Albany, OH  43054-3025

(p)DISCOVER FINANCIAL SERVICES LLC
PO BOX 3025
NEW ALBANY OH 43054-3025

Empower FCU
P.O. Box 11127
Syracuse, NY 13218-1127

Exxon Mobil
5959 Las Colinas Blvd.
Irving, TX 75039-2298

FIA CARD SERVICES, N.A.
PO Box 15102
Wilmington, DE 19886-5102

Fredericksburg Credit Bureau, Inc.
10506 Wakeman Dr.
Fredericksburg, VA 22407-8040

Fredericksburg Orthopaedic Assoc
3310 Fall Hill Avenue
Fredericksburg, VA 22401-3000

GE Money Bank/Lowes
P.O. Box 981064
El Paso, TX 79998-1064

GE Money Bank/Old Navy
P.O. Box 981064
El Paso, TX 79998-1064

Garrisonville Urgent Care
9 Center Street, Ste. 101
Stafford, VA 22556-8910

HSBC
Attn: Bankruptcy Department
P.O. Box 5213
Carol Stream, IL 60197-5213

Kohl's
P.O. Box 3115
Milwaukee, WI 53201-3115

LabCorp
P.O. Box 2240
Burlingotn, NC 27216-2240

Medical Imaging of Fredericksburg
P.O. Box 7606
Fredericksburg, VA 22404-7606

Medical and Urgent Care Center
P.O. Box 5008
Falmouth, VA 22403-0608

Navy Federal Credit Union
Busman & Busman
P.O. Box 7514
Fairfax Station, VA 22039-7514

Navy Federal Credit Union
PO Box 3000
Merrifield, VA 22119-3000

Office of U.S. Trustee
115 S Union Street #206
Alexandria, VA 22314-3317

Patient First
P.O. Box 758941
Baltimore, MD 21275-8941

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Principal Financial Group
Des Moines, IA 50392-0001

Rappahannock Family Physicians
2300 Fall Hill Ave 215
Fredericksburg, VA 22401-3342

Rappahannock Trauma and Acute Care
P.O. Box 845
Fredericksburg, VA 22404-0845

Shelf Credit Card Center
P.O. Box 20507
Kansas City, MO 64195-0507


Sun Trust Bank
P.O. Box 85092
Richmond, VA 23286-9071

SunTrust Bank
Attn:Support Services
PO BOX 85092
Richmond, VA 23285-5092

Sunoco, Inc.
P.O. Box 6407
Sioux Falls, SD 57117-6407


WFNNB/Fashion Bug
Bankruptcy Department
P.O. Box 182125
Columbus, OH 43218-2125

Wells Fargo Bank, N.A.
Samuel I. White, P.C.
1804 Staples Mill Rd., Ste. 200
Richmond, VA 23230-3530

Wells Fargo Home Mortgage
3476 Stateview Blvd
MAC #X7801-014
Fort Mill, SC 29715-7203


Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306-0335

World Financial Network National Bank
Quantum3 Group LLC
PO Box 788
Kirkland, WA  98083-0788

Dennis Stuart Little
706 Knollwood Court
Stafford, VA 22554-7564


Judith Anne Little
706 Knollwood Court
Stafford, VA 22554-7564

Robert Easterling
2217 Princess Anne St., Ste. 100-2
Frederickburg, VA 22401-3359

Thomas P. Gorman
300 N. Washington St. Ste. 400
Alexandria, VA 22314-2550


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Discover Card
P.O. Box 30943
Salt Lake City, UT 84130-0000

Portfolio Recovery Associates, LLC
PO Box 41067
Norfolk VA 23541


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Wells Fargo Bank, N.A.

End of Label Matrix
Mailable recipients    44
Bypassed recipients     1
Total                  45